'White, J.
The title of the plaintiffs to the premises in controversy is admitted upon the record, unless such title was divested by the sale made under the order of the probate court of Cuyahoga county.
The guardians of the plaintiffs, on whose application the sale was ordered, were appointed under the act for the appointment of guardians, passed February 6, 1824. 2 Chase, 1317; Swan Rev. St. 444.
The 1st section of the act contains the following provision : “ That the court of common pleas shall have power, whenever they consider it necessary, to appoint a guardian or guardians to all minors within their county, and on good cause shown, to authorize such guardian or guardians to sell all or any part of the property, whether real or personal, of his or their ward or wards; and the court shall, at the same time, direct the manner of securing to said ward or wards, the money arising from such sale.” ....
The 3d section of the act is as follows: “ That no sale of real property shall be made under the provisions of this act, unless the court shall be satisfied that such sale will be for the advantage of such, ward or wards, or necessary for his or their maintenance; and the guardian or guardians shall be governed therein by the same regulations as are required of administrators, in the sale of real property, in the case of insolvent estates.”
In construing this section, it was held, in Lessee of Stall v. *105 Macalester, 9 Ohio, 19, that sales by guardians should, be conducted according to the act regulating sales by administrators, in force at the time the guardians’ act was passed. The act regulating the sale of real estate by administrators, in force at that time, was the act of January 25, 1816. 2 Chase, 929.
The act last named required no confirmation by the court of the sale of real estate by an administrator; and it was held, in the case above cited, that a sale by a guardian required no such confirmation, notwithstanding the act of February 11, 1828 (3 Chase, 1601), required administrators’ sales to be returned to and confirmed by the court.
After the decision in Lessee of Stall v. Macalester, on February 23, 18-46, the “ Act for the appointment of guardians ” was amended. 2 Curwin, 1237; Swan Rev. St. 447. Section 3 of the amendatory act is as follows : “ That no sale of real estate shall be made under the provisions of the act to which this is an amendment, unless the court shall be first satisfied that such sale will be for the benefit and advantage of such ward or wards, or necessary for his, her or their maintenance and education, or for either of such purposes; and the guardian or guardians shall be governed, in the execution of any order of sale in the premises, by the same regulations that may be prescribed and in force at the time such order is made, for the sale, by administrators, of the lands of intestate estates.”
That the authority to order the sale of real estate of a ward, on the application of his guardian, was, by the original act of 1824, vested exclusively in the court of common pleas by which the guardian was appointed, is not denied. But it is claimed that the effect of section 3 of the amendatory act of 1846, in connection with the administration act of 1840, was to vest like authority in the court of common pleas of the county in which the land was situate.
The claim is, that as the administration act of 1840 gave the administrator the option to apply for an order of sale either to the court of common pleas by which he was appointed, or to the court of the county in which the land was situate, that a like option was given to guardians by section 3 of the amendatory act of 1846, above referred to.
*106 We cannot assent to this construction of the act of 1846. The provision in section 3 of that act requiring guardians to be governed u in the execution of any order of sale ” of the real estate of their wards, “ by the same regulations that may be prescribed and in force when such order is made, for the sale ” of lands by administrators, does not prescribe or designate the court to which application may be made by the guardian to obtain such order of sale; but relates to the manner in which the order is to be executed after it has been granted by the proper court.
The other ground upon which the validity of the order of sale is sought to be maintained, arises under the “ Act defining the jurisdiction, and regulating the practice of probate courts,” passed March 14, 1853. 3 Curwin, 2041; S. & C. 1213.
That act declares that there shall be established, in each county of the state, a probate court, and section 3 provides that such courts shall have concurrent jurisdiction in the sale of lands, on petition by executors, administrators and guardians.
The concurrent jurisdiction conferred upon probate courts by this section, in regard to ordering such sales, vests in the probate courts of the several counties only such jurisdiction as was, at the time, possessed by the courts of common pleas in such counties respectively. Hence, where, at the time of the passage of the act, the court of common pleas in a particular county was not authorized to order the sale of the lands of a ward, on tbe application of his guardian, the probate court of such county could not order such sale.
As, therefore, in our opinion, the court of common pleas of Cuyahoga county, at the time of the .creation of the probate court, was not authorized to order the sale of lands on the application of a guardian appointed in another county, no such authority was vested in the probate court of said county by the act conferring jurisdiction on that court.
Judgment reversed, demurrer to the petition overruled, and cause remanded for further proceeding.